IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA SEEDEN-JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., AMERICAN HONDA FINANCE CORPORATION, TRANSUNION, LLC, and EQUIFAX INFORMATION SERVICES, LLC <br><br> Defendants. | Case No. 19-cv-03446 |

MEMORANDUM IN SUPPORT OF
AMERICAN HONDA FINANCE CORPORATION'S
MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT

Plaintiff, Christina Seeden-Johnson's ("Plaintiff") claims against American Honda Finance Corporation ("Honda") under the Fair Credit Reporting Act ("FCRA") should be dismissed pursuant to FRCP 12(b)(1) because her allegations that Honda reported erroneous information to credit reporting agencies, even if taken as true, do not constitute concrete injury to create standing under Article III and are insufficiently pled pursuant to FRCP 12(b)(6). In further support of the above, Honda states as follows:

BACKGROUND

Plaintiff brings this lawsuit ("Complaint") seeking relief under the FCRA against four defendants: Wells Fargo Bank, N.A. ("Wells Fargo"), Honda, Transunion, LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"). The Complaint contains eight counts for violations of the FCRA (Compl. ¶¶ 47-121). Count I is aimed at Honda. (Compl. ¶¶ 47-62).

Plaintiff's allegations about Honda pertains to a "Credit Karma Credit Report" which was requested by Plaintiff on or about December 18, 2016 which indicated a payment to Honda in the

amount of $244 for a previously paid off auto loan. (Compl. ¶¶ 9-14). Plaintiff's account with Honda was closed on or about March 2012. (Compl. ¶ 38). In sum, Plaintiff alleges that the reporting of this prior payment amount gives rise to a FCRA claim because it "gives the impression the Plaintiff is still responsible for and obligated to pay the scheduled payment amount." (Compl. ¶ 38).

Plaintiff alleges that on or about December 20, 2018, Plaintiff sent a written dispute letter to Equifax and Transunion requested that her credit files "be reviewed and updated." (Compl. ¶ 16). Specifically, Plaintiff claims that she sent a dispute letter which stated the account with Honda "was paid and closed and the monthly payment of $244 should be removed and replaced with zero." (Comp. ¶ 17). Plaintiff makes the further allegation that she purchased her TransUnion credit report with Experian in late January 2019 and was "shocked and dismayed" to discover that the Honda account was still reporting with a scheduled payment amount of $244. (Compl. ¶¶ 35-36).

Plaintiff claims that Honda violated 15 U.S.C. §§1681s-2(b)(1)(A), 15 U.S.C. §§1681s-2(b)(1)(C), and 15 U.S.C. §§1681s-2(b)(1)(E) by failing to conduct a reasonable investigation, failing to report the results of any reasonable investigations or reinvestigation to Equifax and Transunion, and failing to promptly modify, delete or permanently block the inaccurate information in Plaintiff's credit files. (Compl. ¶¶ 52-55). Plaintiff also alleges that Honda violated 15 U.S.C. §§1681s-2(b)(2) by failing to act by the deadlines set forth in 15 U.S.C. §1681i(a)(1). (Compl. ¶¶ 56-58). Moreover, Plaintiff claims that Honda's action in "deviating from the standards established by the mortgage servicing industry… Honda acted with reckless and willful disregard for it its duty as a furnisher to report accurate information… "(Compl. ¶ 62).[1]

---

[1] Honda has never funded mortgage loans. Defendant is assuming that Plaintiff's counsel failed to correct a cut and paste error in the complaint.

Plaintiff requests injunctive relief, actual damages, statutory damages, punitive damages and attorneys' fees. (Compl, Prayer for Relief, p. 13).

## LEGAL STANDARD

Article III of the U.S. Constitution limits federal courts to deciding only actual "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560(1992); see also *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341–42 (2006) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." (citation and quotations omitted)). The Supreme Court has outlined three standing requirements: (1) the plaintiff must have suffered an actual, concrete, and particularized injury in fact; (2) there must be a causal connection between the injury and the complained-of conduct; and (3) it must be likely that the injury will be redressed by a favorable decision. *Id*. at 560-61. "In order to show standing, 'a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical.'" *Pollack v. U.S. Dep't of Justice*, 577 F.3d 736, 739 (7th Cir. 2009) (citation and quotations omitted). Where a plaintiff lacks standing, the action should be dismissed. Fed. R. Civ. P. 12(b)(1).

To survive a Rule 12(b)(6) motion: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests; and (2) its allegations must plausibly suggest that the plaintiff has the right to relief, raising that possibility above a speculative level. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. In requiring plausibility of a claim for relief, a plaintiff is not held to a "probability requirement," but the

plaintiff must still plead more than a "sheer possibility that a defendant acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that only pleads facts that are "merely consistent with" liability fails to cross the line from "possibility" to "plausibility." *Id.*

## ARGUMENT

### I. Plaintiff lacks standing for her FCRA claim against Honda and this Court should dismiss it pursuant to FRCP 12(b)(1).

Plaintiff lacks Article III standing because there are insufficient allegations of a "concrete injury" attributable to Honda's alleged violation of the FCRA. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (May 16, 2016). For an injury to be concrete, it must be real, not abstract. *Id.* at 1548. "[T]he Seventh Circuit has rejected the proposition that a violation of a statutorily created substantive right always constitutes an injury in fact sufficient to satisfy Article III's standing requirements." *Ratliff v. A&R Logistics, Inc.*, No. 17-CV-2787, 2018 WL 1124412, at *5 (N.D. Ill. Feb. 28, 2018) (citing *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912 (7th Cir. 2017)).

Here, the violation alleged against Honda (if any) is "a mere procedural violation" (*Spokeo*, 136 S. Ct. at 1550). Plaintiff claims that Honda was reporting that her account had a scheduled payment amount of $244. (Compl. ¶¶ 35-36). Plaintiff claims that this above reporting "creates a materially misleading impression that Plaintiff is still obligated to pay a scheduled payment" (Compl. ¶ 24), even though account was showing as closed and paid and with a zero-balance due and owing. (Compl. ¶ 22).

Moreover, the "injuries" Plaintiff alleges to have suffered as a result of the purportedly erroneous credit report are threadbare recitals that the reporting "continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that the Plaintiff is still obligated to pay

on the subject loan accounts" (Compl. ¶ 43), "the loss of credit opportunity, wasted time tracking the status of her dispute, mail expenses, and mental and emotional pain and suffering." (Compl. ¶ 45.) There is no genuine factual support provided for this speculation: Plaintiff does not allege, for example, that she was denied a specific credit line or a job opportunity or when such denial actually occurred, and "[w]ithout a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'" *Bagby v. Experian Info. Sols., Inc.*, 162 F. App'x 600, 604 (7th Cir. 2006) (citation omitted) (no actual damages available where Plaintiff did not allege that she was ever denied credit as a result of the two accounts appearing on her credit report); *Sarver v. Experian Info. Sols., Inc.*, 299 F. Supp. 2d 875 (N.D. Ill. Feb. 4, 2004), *aff'd sub nom. Sarver v. Experian Info. Sols.*, 390 F.3d 969 (7th Cir. 2004) (no injury under FCRA where bankruptcy erroneously included on credit report where there was no publication of report to any third-party during interval between consumer's initial notice of error to credit reporting agency and creditor's correction).

Plaintiff alleges neither concrete nor actual injuries with any factual support. Accordingly, Plaintiff lacks Article III standing to bring her claims, and the Court should dismiss their claims as to Honda under Rule 12(b)(1).

### II. Count I of Plaintiff's Complaint fails to state a cause of action against Honda and it should be dismissed with prejudice pursuant to FRCP 12(b)(6).

A. <u>Honda's reporting was accurate, so Plaintiff's has pled herself out of court with respect to Honda.</u>

Count I of the Complaint fails to state a claim against Honda for several reasons. The first, and most important reason, is that despite Plaintiff's allegation, the reporting of the account was accurate. Under the FCRA, Honda, as a furnisher of consumer information, cannot provide inaccurate information to consumer reporting agencies ("CRAs"), 15 U.S.C. §1681s-2(a)(1), and it also has specific duties in the event it receives proper notice concerning furnished information from a CRA, 15 U.S.C. §1681s-2(b)(1). It is well established in the 7th Circuit and this District

that only these latter duties can be enforced by a private cause of action. *See, e.g., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 434 (7th Cir. 2009); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *Johnson v. Carrington Mortgage Services*, 638 Fed. Appx. 523, 525 (7th Cir. 2016); *Gulley v. Pierce & Assocs., P.C.*, 436 Fed. Appx. 662, 665 (7th Cir. 2011); *Lang v. TCF Nat'l Bank*, 338 Fed. Appx. 541, 544 (7th Cir. 2009); *Kissiova v. Bayview Loan Servicing, LLC*, No. 15 C 9812, 2017 WL 914779, at *3 (N.D. Ill. Mar. 8, 2017); *Todd v. Chase Bank USA, N.A.*, No. 11 C 6258, 2012 WL 470099, at *2 (N.D. Ill. Feb. 13, 2012); *Lockett v. CheckFree*, No. 10 C 7385, 2011 WL 5830122, at *2 (N.D. Ill. Nov. 18, 2011) (J. Leinenweber).

An intrinsic, if not obvious, and complete bar to any claim under the FCRA is that the information complained about was, in fact, accurate. *See, e.g., Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("Furnishers of information, such as Peoples Gas, are accountable under § 1681s-2(b) only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the CRA"). Moreover, Plaintiff bears the burden of pleading the inaccuracy. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("In light of the parallel obligations imposed on CRAs and furnishers—and the narrow purpose of the amendments to the FCRA—that same rationale supports requiring a showing of actual inaccuracy in suits against furnishers."); *Humphrey v. Navient Sols., Inc.*, No. 16-CV-370-JDP, 2017 WL 4083593, at *3 (W.D. Wis. Sept. 13, 2017), appeal dismissed, No. 18-1581, 2018 WL 4353819 (7th Cir. Mar. 22, 2018) ("[A] number of courts have held that a prerequisite to a claim under § 1681s-2(b) is a showing that the defendant provided false, misleading, or incomplete information.") (citing *Chiang* and compiling additional authority for the same proposition); *Levine v. JPMorgan Chase & Co.*, 46 F. Supp. 3d 871, 876 (E.D. Wis. 2014) ("[I]t is difficult to see how a plaintiff could prevail on a claim for damages based on an unreasonable investigation of disputed data without a showing that the disputed information was, in fact, inaccurate.") (citing *Chiang*);

*Banks v. Target Corp.*, No. 12-CV-731-BBC, 2013 WL 12233929, at *3 (W.D. Wis. May 21, 2013) ("[T]o state a claim . . . under 15 U.S.C. § 1681s-2(b), the consumer must prove that the furnisher reported information that was inaccurate or incomplete in a way likely to materially mislead future creditors.") (citing *Chiang*). Here, Plaintiff can make no such showing.

      i.    <u>Plaintiff's credit file was reporting accurately.</u>

Plaintiff alleges that on or about December 20, 2018, Plaintiff sent a written dispute letter to Equifax and Transunion requested that her credit files "be reviewed and updated." (Compl. ¶ 16). Specifically, Plaintiff claims that she sent a dispute letter which stated the account with Honda "was paid and closed and the monthly payment of $244 should be removed and replaced with zero." (Comp. ¶ 17). Plaintiff makes the further allegation that she purchased her TransUnion credit report with Experian in late January 2019 and was "shocked and dismayed" to discover that the Honda account was still reporting with a scheduled payment amount of $244. (Compl. ¶¶ 35-36). Plaintiff claims that the above reporting "creates a materially misleading impression that Plaintiff is still obligated to pay a scheduled monthly payment. (Compl. ¶ 24). Simply put, Plaintiff is mistaken in her interpretation of her credit report. What Plaintiff appears to be arguing is that "Scheduled Payment Field," intended to be used to describe the contractual terms of an obligation, should instead be used to reflect the consumer's current obligation to pay on an account. This argument fails. As shown in Plaintiff's complaint, the reporting clearly shows that the account had a "zero" balance and that it was "Paid and Closed" with a closing date occurring during the month of March 2012. (Compl. ¶ 22). In other words, it is unequivocally clear and not misleading that from the face of the credit report (and the four corners of the Complaint) that no current monthly obligation exists.

      ii.    <u>Including historical payment terms is not inaccurate as a matter of law.</u>

In a recent Northern District of Illinois case, the District Court dismissed Plaintiff's FCRA claim because the Plaintiff failed to allege that his credit report contained inaccurate information, as opposed to historically accurate account information. *Connor v. JP Morgan Chase Bank, N.A.,* No. 15 C 8601, 2016 WL 7201189, at *3 (N.D. Ill. Mar. 22, 2016).

The Plaintiff in *Connor* complained that his credit reports were inaccurate because, after his Chapter 13 bankruptcy discharge, his Chase account still included the scheduled monthly amount, actual payment amount, and failed to indicate the account was discharged in bankruptcy. *Id*. at 2. Chase argued the "historical information on the report, i.e., the discharge pursuant to the bankruptcy and the complained about scheduled and actual payment amounts, [were] permissible under the FCRA, particularly where ... the report includes information on a bankruptcy." *Id*. at 3. The Court noted Plaintiff's credit report indicated the bankruptcy was reporting as discharged and explained that, even disregarding that fact, "the body of the report itself makes clear that both the balance amount and the amount past due are $0, which is also consistent with the FCRA." *Id* at 3. In response to Connor's argument that the Chase account "gives the impression that Plaintiff if still making payments under the . . . wage earner plan," the court noted Connor did not address "the fact that the balance amount and amount past due are listed at $0 . . .which undermines his claim." *Id*. at 3.

Like the Defendant in *Connor*, Honda is reporting historically accurate information (the payment amount) in a manner that isn't misleading (showing as paid and closed with a zero-amount owing). Further, like the Plaintiff in *Connor*, Plaintiff is alleging that reporting historically accurate payment information gives a false impression that she is still liable to make this payment. Also like the Plaintiff in *Connor*, Plaintiff here fails to explain why this creates a false impression of an ongoing liability when the account is reporting closed and paid with a zero balance. The

court in *Connor* found in Defendant's favor and dismissed the case for failure to state a claim, so too should this Court.

In Further support of the above, in determining the accuracy of consumer credit reports, other courts have viewed accounts in their entirety, rather than focusing on a single field complained of by a plaintiff. For example, recently, in a Middle District of Tennessee case, the court was presented with an argument that a consumer credit report was inaccurate and misleading because it failed to include the phrase "discharged in bankruptcy" on the account at issue. *Blanch v. Trans Union, LLC*, No. 3:17-cv-01494, 2018 WL 4561248, at *1 (M.D. Tenn. Sept. 24, 2018). The account in *Blanch* included a remark of "Chapter 13 bankruptcy," a payment status of "included in bankruptcy," an account status of "closed," a $0 balance, and no past due balance. *Id*. at *4. In granting Transunion's Motion to Dismiss, the court was explicit in its holding that the plaintiff had failed to meet her burden of showing an inaccuracy. *Id*. "There was nothing false or 'inaccurate' about Macy's or Citibank reporting Blanch's accounts as included in her bankruptcy, closed, and with a zero balance." *Id*.

No amendment in the pleadings can cure this defect in the Plaintiff's claim against Honda because Honda reported accurate information. In other words, Plaintiff has pled herself out of court with respect to her claim against Honda. Accordingly, this court should dismiss Count I, *with prejudice*.

B. <u>Count I should be dismissed because Plaintiff has not sufficiently alleged that Honda received notice of her disputes.</u>

Even if the Court finds that Honda might have reported inaccurate information (it did not), Count I should be dismissed because Plaintiff's "on information and belief" allegation that Equifax and Transunion sent notice of his disputes (*See,* Comp. ¶ 19) is simply insufficient to state a FCRA claim against Honda. Plaintiff brings his claim against Honda under § 1681s-2(b) and under this

section, "[f]urnishers of information . . . are accountable under § 1681s–2(b) only if they continue to supply inaccurate data to CRA after proper notification by the credit reporting agency CRA § Section 1681i(a)(2)(A) provides that notice 'shall include all relevant information regarding the dispute that the agency [CRA] has received from the consumer.'" *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) (citations omitted). "Therefore, only proper notice, including all relevant information received from the consumer, triggers the furnisher's obligation to conduct an investigation under § 1681s–2(b)." *Id.* (citations omitted); *see also Rideaux v. Travelers Ins.Co.*, No. 12 C 2592, 2013 WL 3354462, at *5 (N.D. Ill. July 1, 2013) (only formal written notice from credit reporting agency triggers duty).

Here, Plaintiff's "on information and belief" allegations that Equifax and Transunion sent notice of her disputes are insufficient to state a claim against Honda. See *Densmore v. Gen. Motors Acceptance Corp.*, No. 03 C 1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003) (dismissing FCRA claim based on "information and belief" allegations). Section 1681i(a)(6)(B) provides that a consumer is entitled to receive "a description of the procedure used to determine the accuracy and the completeness of the information … including the business name and address of any furnisher of information contacted in connection with such information." 15 U.S.C. § 1681i(a)(6)(B)(iii). Because the key information – namely whether the furnisher received notice from a consumer credit reporting agency – is readily accessible without discovery, it is "improper for [Plaintiff] to drag [Honda] into court without conducting a concrete investigation into whether its duties under the FCRA were ever triggered." *Densmore*, 2003 WL 22220177, at *2. Plaintiff's allegations with respect to proper notice are insufficient and Count I should be dismissed for this reason alone.

In sum, Plaintiff's allegations against Honda consist of no more than mere recitals of the elements of a cause of action under FCRA. The Seventh Circuit "understand[s] the Court in *Iqbal*

to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); see also *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451–52 (7th Cir. 2015) (dismissing complaint in part where it made threadbare recitals of statutory elements that defendant "is a Consumer Reporting Agency" without any factual support).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Count I of Plaintiff's Complaint with prejudice.


Dated this June 20, 2019

Respectfully Submitted,

/s/ Damon Newman
Damon Newman, Esq. (6307528)
Quintairos, Prieto, Wood & Boyer, P.A.
233 S. Wacker Drive, 70th Floor
Chicago, IL 60606
Phone: (312) 566-0040
Email: damon.newman@qpwblaw.com
*Counsel for Defendant, American Honda Finance Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on June 20, 2019, he caused the foregoing to be filed with the Clerk of the United States District Court for the Northern District of Illinois, and thus a copy of this pleading will be served on all counsel of record by the Clerk's ECF/CM system.

/s/ Damon Newman
Damon Newman, Esq.
